SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
Email: ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

Attorneys for Defendant, MICHAELS STORES, INC. and
LIU INVESTMENTS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CRAIG CRANDALL,<br><br>Plaintiff,<br><br>v.<br><br>LIU INVESTMENT LLC; MICHAELS #9412; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)**<br><br>Santa Clara Superior Court<br>Case No. 114CV264576<br><br>Action Filed: April 30, 2014<br>Trial Date: None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant Michaels Stores, Inc. dba Michaels #9412 and Liu Investments LLC ("Defendants") hereby remove to this Court the state court action described below:

## I. FILING AND SERVICE OF THE COMPLAINT.

1. On April 30, 2014, plaintiff Craig Crandall ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Santa Clara, Case Number 114CV264576, by filing a Complaint entitled "*Craig Crandall v. Liu Investments LLC; Michaels Stores, Inc. dba Michaels #9412; and Does 1 through 10, inclusive*".

2. Defendants obtained a copy of the Summons and Complaint on May 15, 2014. True and correct copies of the Summons and Complaint and all other available documents are attached hereto as Exhibit "A". Defendants have not yet responded to the Complaint. To Defendants' knowledge, no other defendant has been named or served. *See Salveson vs. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (defendant need not join in or consent to the notice of removal if the nonjoining defendant has not been served with process in the state action at the time the notice of removal is filed.).

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION.

3. This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiff has filed a civil rights action, and his claims are founded on a claim or right arising under the laws of the United States.

4. More specifically, the Complaint alleges discrimination claims based on violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq.,

(Complaint ¶¶ 10, 11, 24, 26; Prayer).

**III.   THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

5. The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(b).

6. Defendants will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal within the law division of the Superior Court of California, County of Santa Clara, as further required by that Section.

7. Venue is proper in this Court because the action is being removed from the Superior Court in the County of Santa Clara.

8. The undersigned counsel for Defendants have read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendants pray that the above action now pending against it in the Superior Court of the County of Santa Clara be removed to this Court.

Dated:  June 10, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ Gregory F. Hurley
GREGORY F. HURLEY
Attorneys for Defendants,
MICHAELS STORES, INC. and
LIU INVESTMENTS LLC

**Exhibit A**

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LIU INVESTMENTS LLC; MICHAELS STORES, INC. dba MICHAELS #9412; and DOES 1 through 10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CRAIG CRANDALL



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
2014 APR 30 P 3: 26
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Downtown Superior Court

CASE NUMBER: **114CV264576**

191 N. First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Tanya E. Moore, 332 N. Second Street, San Jose, CA 95112 (408) 298-2000

DATE: APR 30 2014
*(Fecha)*

Clerk, by DAVID H. YAMASAKI Chief Executive Officer/Clerk *(Secretario)* _____, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| 1 | Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046

Attorneys for Plaintiff
Craig Crandall | UCS
FILED Santa Clara County
04/30/14   3:25pm
David H. Yamasaki
Chief Executive Officer
By: tngo DTSCIV010113
R#201400040326
CK           $435.00
TL           $435.00
Case: 1-14-CV-264576

T. Ngo |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| CRAIG CRANDALL, | No. **114CV264576** |
|---|---|
| Plaintiff, | **PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS** |
| vs. | |
| LIU INVESTMENTS LLC; MICHAELS STORES, INC. dba MICHAELS #9412; and DOES 1 through 10, inclusive, | (UNLIMITED CIVIL CASE) |
| Defendants. | |

Plaintiff CRAIG CRANDALL (hereinafter referred to as "Plaintiff") alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action by Plaintiff for discrimination against persons with disabilities, of which class Plaintiff is a member, for failure to remove architectural barriers at the public accommodation owned and operated by Defendants LIU INVESTMENTS LLC; MICHAELS STORES, INC. dba MICHAELS #9412; and DOES 1 through 10, inclusive (hereinafter collectively referred to as "Defendants"), located at 2040 Tully Road in San Jose, California (the "Facility") and commonly known as Michaels #9412; and for failure to modify practices and/or policies in order to accommodate Plaintiff, thereby discriminatorily denying Plaintiff and the class of other similarly situated persons with physical disabilities access to,

*Crandall v. Liu Investments LLC, et al.*
Complaint

the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against Defendants flowing from such discrimination.

## II. JURISDICTION

3. This is a civil rights action under the Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et seq.*) and for declaratory and injunctive relief. This Court has jurisdiction over the claims alleged herein pursuant to California Civil Code §§ 51, *et seq.*

## III. VENUE

4. All actions complained of herein take place within the County of Santa Clara, in the State of California, and the real property which is the subject of this action is located in the County of Santa Clara.

## IV. PARTIES

5. Plaintiff is informed and believes, and thereon alleges, that Defendant LIU INVESTMENTS LLC is, and at all times herein mentioned was, a California limited liability company with its principal place of business within the County of Santa Clara, in the State of California.

6. Plaintiff is informed and believes, and thereon alleges that Defendant MICHAELS STORES, INC. dba MICHAELS #9412 is, and at all times herein mentioned was, a Delaware corporation doing business within the County of Santa Clara, in the State of California.

7. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and/or against whom an injunction can properly issue.

//

*Crandall v. Liu Investments LLC, et al.*
Complaint

8. Plaintiff is a California resident who is substantially limited in his ability to walk and must use a wheelchair when travelling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. At all times herein mentioned, Defendants were the owners, operators, lessors and/or lessees of the Facility which is a business establishment open to the public which is intended for non-residential use and whose operation affects commerce, commonly known as Michaels #9412, located at 2040 Tully Road in San Jose, California, in the County of Santa Clara.

10. The Facility is a public accommodation which is therefore subject both to the requirements of Title III of the 1990 Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA") as well as Title 24 of the California Code of Regulations (California Building Code or "CBC").

11. Plaintiff visited the Facility on or about March 23, 2014 with the intention and purpose of purchasing craft supplies. During his visit, Plaintiff encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility which violate the ADA by failing to meet the standards set forth in the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 Standards"), as well as the accessibility requirements set forth in the CBC:

   a) During Plaintiff's March 23, 2014 visit, and on previous occasions when he has visited the Facility on dates which Plaintiff cannot recall at this time, he was unable to locate an available designated accessible parking space at the Facility. The few spaces designated as accessible, which lacked proper identifying signage at the time of his March 23, 2014 visit, were already occupied by other vehicles. He was forced to park in a

standard parking stall which was not properly configured for accessibility, making it difficult for him to transfer between his vehicle and wheelchair and forcing him to travel a longer distance to reach the entrance.

12. Plaintiff was, and continues to be, deterred from visiting the Facility because he knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to him due to his physical disabilities. Plaintiff continues to be deterred from visiting the Facility because of the future threats of injury created by these barriers due to his physical disabilities.

13. Plaintiff is informed and believes, and thereon alleges, that the Facility continues to the date of the filing of this Complaint to deny equal access to Plaintiff and other persons with disabilities.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, denied to Plaintiff the services, advantages, accommodations, facilities, and privileges, provided to other persons, as alleged above, on account of his disability.

15. As a result of the inaccessible facilities, Plaintiff experienced difficulty, discomfort and embarrassment, and was humiliated, embarrassed and frustrated.

16. Defendants knew or should have known that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance. Such conduct by Defendants is despicable, and was carried on by Defendants with a willful and conscious disregard for the rights of disabled persons, including Plaintiff.

17. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards and CBC. Defendants have not removed such impediments

and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

18. Plaintiff would like to return and use the Facility but because of Defendants' violations, Plaintiff and other persons with disabilities are unable to use the Facility on a "full and equal" basis unless such Facility is in compliance with the provisions of the 2010 Standards and CBC. Plaintiff has, therefore, been deterred from returning and using the Facility.

19. Defendants' wrongful conduct is continuing in that Defendants continue to deny Plaintiff and all persons of Plaintiff's disability the full and equal accommodations, advantages, facilities, privileges, and services of the above-mentioned Facility.

20. Unless Defendants are restrained by a permanent injunction of this Court, Plaintiff's injury will be great and irreparable. Plaintiff has no plain, speedy, and adequate remedy at law because no financial remuneration will achieve the access to the Facility to which he is legally entitled.

## VI. FIRST CAUSE OF ACTION

### Violation of the Unruh Civil Rights Act

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 for this cause of action.

22. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

23. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person. Defendants are a business establishment as that term is used in California Civil Code § 51.5.

24. California Civil Code § 51(f) specifically incorporates by reference an individual's rights under the ADA into the Unruh Act.

*Crandall v. Liu Investments LLC, et al.*
Complaint

25. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment because of their physical disability in violation of the ADA.

26. These acts and omissions (including those that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

27. Defendants violated the Unruh Act intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of disabled persons who must travel about in public in a wheelchair and/or Defendants' violations were so intuitive or obvious that noncompliance could not be other than intentional.

28. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000).

29. As a result of Defendants' conduct, Plaintiff is entitled to injunctive relief requiring Defendants to make their Facility accessible to persons in wheelchairs, and to recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VII. SECOND CAUSE OF ACTION

#### Denial of Full and Equal Access to Public Facilities

30. Plaintiff incorporates the allegations contained in paragraphs 1 through 29 for this cause of action.

31. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

32. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

33. Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

*Crandall v. Liu Investments LLC, et al.*
Complaint

34. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. An order requiring Defendants to make their Facility fully accessible to persons in wheelchairs;
2. Declaratory relief that Defendants violated the ADA and the California Unruh Civil Rights Act;
3. Statutory minimum damages in the amount of $4,000 under the Unruh Civil Rights Act;
4. Attorneys' fees, litigation expense, and costs of suit;[1]
5. Interest at the legal rate from the date of the filing of this action; and
6. For such other and further relief as the Court deems proper.

Dated: April 24, 2014
MOORE LAW FIRM, P.C.

*Tanya Moore*
Tanya E. Moore
Attorneys for Plaintiff
Craig Crandall

---

[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Crandall v. Liu Investments LLC, et al.*
Complaint

# VERIFICATION

I, CRAIG CRANDALL, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 4/24/14

_____
Craig Crandall

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Tanya E. Moore, SBN 206683<br>MOORE LAW FIRM, P.C.<br>332 North Second Street<br>San Jose, CA 95112<br>TELEPHONE NO.: (408) 298-2000  FAX NO.: (408) 298-6046<br>ATTORNEY FOR (Name): Plaintiff Craig Crandall | **UCS**<br>**FILED**<br>2014 APR 30 P 3:26<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>BY _____ DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS: 191 North First Street<br>CITY AND ZIP CODE: San Jose, 95113<br>BRANCH NAME: Downtown Superior Court | |
| CASE NAME:<br>Crandall v. Liu Investments LLC, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **114CV264576**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☑ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Two
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 24, 2014

Tanya E. Moore
(TYPE OR PRINT NAME)

▶ /s/ Tanya Moore
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE
**Superior Court of California, County of Santa Clara**
191 N. First St., San Jose, CA 95113

CASE NUMBER: __114CV264576__

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.* You may ask to appear by telephone – see Local Civil Rule 8.

---

Your Case Management Judge is: **Patricia Lucas**  Department: **02**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
  Date: **AUG 2 6 2014**  Time: **3:00PM**  in Department: **02**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
  Date: _____  Time: _____  in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---